UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BURAK SEZGIN** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No.:1:20-cv-00031 |
| § | |
| **STATE FARM MUTUAL INSURANCE** § | |
| **COMPANY and JAMES RIVER INSURANCE** § | |
| **COMPANY** § | |
| § | |
| **Defendants.** § | |

## PETITION FOR DAMAGES

COMES NOW the Plaintiff, Burak Sezgin, by and through his attorneys of record, and for his causes of action against Defendants, alleges and states as follows:

### The Parties

1. Plaintiff is an adult citizen of the State of Florida and resides in Stuart, Martin County, Florida. At the time of the events that give rise to this claim, Plaintiff was an adult citizen of the State of Texas and resided in Austin, Travis County, Texas.

2. Defendant STATE FARM MUTUAL INSURANCE COMPANY ("STATE FARM") is a Foreign corporation and upon information and belief is authorized by the State of Texas to conduct business in the State of Texas and regulated by the Division of Insurance. Because STATE FARM has minimum contacts within the court's jurisdiction, conducts business in Texas, and this lawsuit arises out of STATE FARM's contacts with Texas, the assumption of jurisdiction by this Honorable Court offends neither traditional notions of fair play nor substantial justice. Pursuant to FED. R. CIV. P. Rule 4 (h) (1) (A), TEX. R. CIV. P. 106, and TEX. INS. CODE ANN. § 804.103 service upon Defendant STATE FARM may be accomplished by serving its

registered agent in Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 by certified mail, return receipt requested.

4.    Defendant JAMES RIVER INSURANCE COMPANY ("JAMES RIVER") is a Foreign corporation and upon information and belief is authorized by the State of Texas to conduct business in the State of Texas and regulated by the Division of Insurance. Because JAMES RIVER has minimum contacts within the court's jurisdiction, conducts business in Texas, and this lawsuit arises out of JAMES RIVER's contacts with Texas, the assumption of jurisdiction by this Honorable Court offends neither traditional notions of fair play nor substantial justice. Since JAMES RIVER has failed to appoint and/or maintain a registered agent for service of process, pursuant to FED. R. CIV. P. Rule 4 (h) (1) (A), TEX. R. CIV. P. 106, and TEX. INS. CODE ANN. § 804.103 service upon Defendant JAMES RIVER may be accomplished by serving Texas Department of Insurance, Chief Clerk Office, PO Box 149104, MC 112-2A, Austin, Texas 78714-9104 by certified mail.

## Jurisdiction and Venue

5.    Venue is proper in this State and Judicial District pursuant to 28 U.S.C.A. § 1391 (b) (2) in that all, or a substantial part of, the events or omissions giving rise to these claims occurred in Travis County, Texas.

6.    Jurisdiction is proper in federal court pursuant to 28 U.S.C.A. § 1332 in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

7.    Plaintiff seeks damages from Defendants well in excess of the jurisdictional limits of this court.

### Jury Demand

8. Pursuant to FED. R. CIV. P. Rule 38 (b) (1), Plaintiff hereby demands a jury trial on all issues.

### Common Allegations

9. The preceding paragraphs of the Petition are incorporated.

10. On February 21, 2016, Plaintiff was operating a 2012 black Nissan automobile in Austin, Travis County, Texas traveling north on South 1st Street towards its intersection with West Riverside Drive.

11. The intersection was controlled by a traffic signal device. At the time he reached the intersection, Plaintiff had a green traffic signal and lawfully proceeded through the intersection.

12. At the same time and place, Angela Carrillo was operating a 2014 black Kia automobile traveling eastbound on West Riverside Drive, with an unknown passenger, towards its intersection with South 1st Street.

13. At the intersection, Angela Carrillo faced a red traffic signal. Angela Carrillo failed to stop and violated the red traffic signal. Angela Carrillo's vehicle violently and at a high rate of speed crashed into the vehicle being operated by the Plaintiff.

14. On reliable information and belief, at the time of the subject crash, Angela Carrillo was operating her motor vehicle while intoxicated with a reported blood alcohol level of 0.205, more than three times the legal limit.

15. On reliable information and belief, at the time of the subject crash, Angela Carrillo was operating her motor vehicle while in possession, and under the influence, of cocaine, an illegal controlled substance.

16. At the time of the subject crash, Plaintiff was lawfully working within the course and scope of his employment relationship/contractor relationship with Uber Car Transportation, a subsidiary of Uber Technologies Inc.

17. The violent crash described above was directly and proximately caused by Angela Carrillo's negligence, gross negligence, and recklessness. Her negligence, gross negligence, and recklessness was a proximate cause of harm to the Plaintiff.

18. Angela Carrillo's was negligent, grossly negligent, and reckless due to her failure to exercise the appropriate degree of care under the circumstances by:

   a. Traveling at an excessive speed;

   b. Running a red light;

   c. Violating a traffic signal;

   d. Failing to keep a careful lookout;

   e. Failing to keep her vehicle under control;

   f. Driving a motor vehicle while intoxicated;

   g. Driving a motor vehicle while under the influence of an illegally possessed controlled substance; and

   h. In other respects which may arise through discovery.

19. Angela Carrillo was also negligent *per se* and violated the following statues:

   TEX. TRANSP. CODE § 544.004. Compliance with Traffic Control Device

   An operator of a vehicle shall comply with traffic control devices.

   TEX. TRANSP. CODE § 544.007. Traffic-Control Signals in General

   An operator of a vehicle facing only a steady red signal shall stop.

   TEX. TRANSP. CODE § 545.151. Vehicle Approaching or Entering an Intersection

   An operator approaching an intersection: shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device.

> TEX. TRANSP. CODE § 545.151. Maximum Speed Requirement
>
> An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.
>
> TEX. TRANSP. CODE § 545.151. Prima Facie Speed Limits
>
> An operator may not drive at a speed greater than 30 miles per hour in an urban district on a street.
>
> TEX. PENAL CODE ANN. § 49.04. Driving While Intoxicated
>
> A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

At all times material to this cause of action, Plaintiff belonged to that class of persons whom these statutory provisions were enacted to protect. Angela Carrillo's violations of these non-conditional statutory provision constituted *negligence per se*.

20. As a direct and proximate caused and/or result of the above described violent crash and Angela Carrillo's negligence, gross negligence and reckless conduct, Plaintiff sustained and continues to suffer from severe and permanent injuries, including but not limited to: cervical and lumbar disc herniation, radiculopathy, shoulder, cervical, leg, and lumbar pain, debility, weakness, numbness, weight gain, and difficulty performing activities of daily living. He suffered from and, in reasonable probability, will continue to suffer from physical pain, mental anguish, physical impairment, limitation of function, disability, and disfigurement. He incurred, and, in reasonable probability, will continue to incur in the future, expenses for reasonable and necessary medical treatment and/or surgeries. He incurred and, in reasonable probability, will continue to incur in the future, a loss in wages, income and diminished earning capacity. By virtue of Angela Carillo's gross negligence and recklessness, Plaintiff is also entitled to punitive and exemplary damages.

21. At the time of the subject crash, Angela Carrillo was insured under a policy of automobile liability insurance issued by Progressive Insurance Company (Policy No. 902492564) with total policy limits of $50,055 per person per accident. Those full policy limits were

tendered/offered to the Plaintiff in an attempt to settle Plaintiff's claims against Progressive's insured due to the severity of the injuries Plaintiff sustained and the clear liability and fault of Angela Carrillo in causing the crash.

22. Plaintiff's severe personal injuries, past and future physical pain and mental anguish, physical impairment, and disfigurement, past and future medical needs and expenses, past and future loss in wages, income, and diminished earning capacity and other damages, including his entitlement to punitive and exemplary damages, are a direct and proximate result of the subject crash and exceed the policy limits under Angela Carrillo's Progressive Automobile Liability Policy (Policy No. 902492564).

### Count I: Contract Claim against Defendant STATE FARM
### (Uninsured Motorist Claim)

23. The preceding paragraphs of the Petition are incorporated.

24. At the time of the aforementioned collision, the Plaintiff and/or the vehicle the Plaintiff was lawfully operating, was insured by a policy of insurance issued by the Defendant STATE FARM that provided Underinsured Motorist Coverage (hereinafter "the STATE FARM policy").

25. At the time of the aforementioned collision, Plaintiff was operating a vehicle insured by "the STATE FARM Policy," or was otherwise defined as an "insured" and was therefore a "covered person" under "the STATE FARM Policy".

26. On reliable information and belief, "the STATE FARM Policy" provides that Defendant STATE FARM "will pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle… "because of [bodily injury] sustained by a covered person and caused by an auto accident" or similar words to that legal affect and meaning.

27. Plaintiff is legally entitled to recover damages from Angela Carrillo due to her negligence, gross negligence, and reckless conduct as all described more fully above.

28. At the time of the collision, Angela Carrillo did not have sufficient automobile insurance coverage to reasonably compensate Plaintiff for the injuries and damages Plaintiff sustained and was and is entitled to as a direct and proximate result of the subject collision, and her vehicle was, therefore, an "underinsured motor vehicle."

29. Plaintiff sustained severe and permanent bodily injuries and other damages caused by the subject crash.

30. Plaintiff is entitled to recover damages from the Defendant under "the policy" by virtue of sustaining "bodily injury" caused by an "underinsured motor vehicle."

### Count II: Contract Claim against Defendant JAMES RIVER
### (Uninsured Motorist Claim)

31. The preceding paragraphs of the Petition are incorporated.

32. At the time of the aforementioned collision, the Plaintiff and /or the vehicle the Plaintiff was lawfully operating, was insured by a policy of insurance issued by the Defendant JAMES RIVER that provided Underinsured Motorist Coverage (hereinafter "the JAMES RIVER policy").

33. At the time of the aforementioned collision, Plaintiff was operating a vehicle insured by "the JAMES RIVER Policy," or was otherwise defined as an "insured" and was therefore a "covered person" under "the JAMES RIVER Policy".

34. On reliable information and belief, "the JAMES RIVER Policy" provides that Defendant JAMES RIVER "will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an '[underinsured] motor vehicle' because of 'bodily injury' sustained by an insured" or similar words to that legal affect and meaning.

35. Plaintiff is legally entitled to recover damages from Angela Carrillo due to her negligence, gross negligence, and reckless conduct as all described more fully above.

36. At the time of the collision, Angela Carrillo did not have sufficient automobile insurance coverage to reasonably compensate Plaintiff for the injuries and damages Plaintiff sustained and was and is entitled to as a direct and proximate result of the subject collision, and her vehicle was, therefore, an "underinsured motor vehicle."

37. Plaintiff sustained severe and permanent bodily injuries and damages caused by the subject crash.

38. Plaintiff is entitled to recover damages from the Defendant JAMES RIVER under "JAMES RIVER the policy" by virtue of sustaining "bodily injury" caused by an "underinsured motor vehicle."

Wherefore, premises considered, the Plaintiff prays that the court set this matter for trial in front of a jury and that upon the jury's verdict establishing the damages to which Plaintiff would have been entitled from the motor vehicle collision in question, that judgment be entered against the defendants for their contractual responsibilities to the Plaintiff pursuant to their Underinsured Motorist Contractual clauses, and that the Plaintiff be provided such other and further relief at law or in equity to which she may show himself entitled.

**WINCKLER & HARVEY, L.L.P.**
4407 Bee Caves Road, Bldg. 2, Suite 222
Austin, Texas 78746
Telephone: (512) 306-1800
Facsimile: (512) 306-9442

By: _____
Sean McConnell
State Bar No. 24109419
Email: smcconnell@wincklerharvey.com
Jay Winckler
State Bar No. 21754400
Email: jwinckler@wincklerharvey.com
**ATTORNEYS FOR PLAINTIFF**